## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 12-cv-2970-WJM-BNB

DELBERT E. MAXFIELD,

    Plaintiff,

v.

DAVE BRESSLER, in his official capacity as Director of Weld County Paramedic Services, and
WELD COUNTY, a municipal corporation,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Delbert E. Maxfield ("Plaintiff") has brought this civil action under 42 U.S.C. § 1983 against Defendants Dave Bressler and Weld County (collectively "Defendants"), alleging violations of the First Amendment and a related state claim. (Compl. (ECF No. 1.))  This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). (ECF No. 9.)  For the reasons set forth below, Defendants' Motion is granted.

### I. BACKGROUND

The relevant facts, as pleaded in the Complaint, are as follows.  This case arises out of a meeting Plaintiff held with Weld County Commissioner William Garcia on August 26, 2011.  (Compl. ¶ 6.)  At the time, Plaintiff was employed as a Program Coordinator for the Weld County Paramedic Services ("WCPS"), Defendant Dave Bressler was the Director of WCPS, and Commissioner Garcia was designated as the

coordinator of WCPS with direct supervisory authority.  (*Id.* ¶¶ 2, 6-8.)  At the meeting, Plaintiff and Commissioner Garcia discussed numerous issues pertaining to the operation of WCPS, including the expenditure of WCPS funds.  (*Id.* ¶ 9.)

On September 2, 2011, Defendant Bressler met with Plaintiff and asked him for information about Plaintiff's meeting with Commissioner Garcia.  (*Id.* ¶ 11-12.)  Despite repeated attempts by Defendant Bressler to obtain information about the meeting, Plaintiff refused to disclose what had been discussed, stating that it was a private meeting with his elected official.  (*Id.*)  As a result, Defendant Bressler placed Plaintiff on a paid leave of absence and informed Plaintiff that he would be sent to a pre-dismissal hearing.  (*Id.* ¶ 13.)

On September 6, 2011, Plaintiff received a letter from Defendant Bressler regarding his pre-dismissal hearing that stated the reasons for his possible dismissal and informed him of his right to rebut those reasons at the hearing.  (*Id.* ¶ 15; ECF No. 1-2.)  The reasons in the pre-dismissal letter included Plaintiff's failure to meet performance standards because the meeting with Commissioner Garcia failed to follow the chain of command, dishonesty due to false information conveyed to Commissioner Garcia, insubordination, and engaging in conduct likely to have an adverse effect upon Weld County government.  (ECF No. 1-2.)  At the pre-dismissal hearing on September 7, 2011, Plaintiff again refused to disclose the contents of his meeting with Commissioner Garcia.  (Compl. ¶ 17.)  At the conclusion of the hearing, Plaintiff was terminated from employment with WCPS.  (*Id.* ¶ 18.)

On November 13, 2012, Plaintiff filed his Complaint, alleging that Defendants

had discharged him in retaliation for refusing to disclose the specifics of his speech, that Defendants were motivated by Plaintiff's protected speech in discharging him, and that Defendants therefore violated the First Amendment's Free Speech and Right to Petition clauses. (*Id.* ¶¶ 23-40.) The Complaint also alleged that Defendants violated Colorado state law by wrongfully discharging him in violation of public policy. (*Id.* ¶¶ 41-49.)

On December 7, 2012, Defendants filed the instant Motion. (ECF No. 9.) Plaintiff filed a Response on January 25, 2013[1] (ECF No. 17), and Defendants filed a Reply on February 6, 2013 (ECF No. 20). On the same day that Defendants filed the instant Motion, Defendants also moved to stay the case pending resolution of the Motion. (ECF No. 11.) The Court granted the stay on January 30, 2013. (ECF No. 19.)

## II. LEGAL STANDARD[2]

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the

---

[1] As Defendants note in their Reply (ECF No. 20 at 1), Plaintiff's Response was untimely, and Plaintiff did not move for any extension of time or establish good cause to permit such a late filing. *See* WJM Revised Practice Standard II.D.2. However, as Defendants did not move to strike Plaintiffs' Response, the Court finds that the interests of justice are best served by accepting Plaintiff's untimely Response as filed. Nevertheless, the parties are expected to comply with all procedural rules, local rules, and this Court's practice standards in future filings.

[2] Although Defendants' Motion is filed pursuant to both Rules 12(b)(1) and 12(b)(6), the Court addresses herein only Rule 12(b)(6) because it is dispositive of the Motion.

plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III.  ANALYSIS

Defendants' Motion first argues that Plaintiff's First Amendment claims should be dismissed under Rule 12(b)(6) for failure to state a claim.[3] (ECF No. 9 at 5-9.) A claim for retaliatory discharge by a public employee under the First Amendment is evaluated

---

[3] In their Motion, Defendants focus on the argument that Plaintiff's refusal to disclose the contents of his speech is not protected conduct under the First Amendment. (ECF No. 9 at 5.) Because Plaintiff's Complaint states that Plaintiff was terminated "for refusing to disclose the specifics of his private, First Amendment protected conversation with Garcia," (Compl. ¶¶ 27, 37, 44), Defendants argue that Plaintiff has not alleged that he was retaliated against because of the protected speech itself. (ECF No. 9 at 5-9.) The Court disagrees with this construction of Plaintiff's claims. In each of his claims, Plaintiff alleges that his "protected speech was a substantial or motivating factor" in his termination. (Compl. ¶¶ 29, 38, 47.) Thus, even if Plaintiff alleges that Defendants terminated him for refusing to disclose the contents of his speech, because he also claims that Defendants were motivated by Plaintiff's speech in terminating him, Plaintiff has alleged that Defendants terminated him for the speech itself. Accordingly, Plaintiff's First Amendment claims need not be dismissed merely because he also states that he was terminated for refusing to disclose his speech.

under the *Garcetti/Pickering* test, comprising five factors, as follows:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009) (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)).  Because the right to speech and the right to petition are "cognate rights," courts evaluating retaliatory discharge cases apply the same test for claims under both First Amendment clauses. *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494-95 (2011) (quoting *Thomas v. Collins*, 323 U.S. 516, 530 (1945)).

Where a public employee is allegedly discharged in retaliation for reporting alleged wrongdoing in the workplace, the Tenth Circuit has analyzed the first prong of the test—whether the speech was made per the employee's official duties—by inquiring whether "(1) the employee's job responsibilities did not relate to reporting wrongdoing and (2) the employee went outside the chain of command when reporting the wrongdoing."  *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1136 (10th Cir. 2010).  If the court determines that the speech was made as part of a public employee's official responsibilities, the inquiry ends and the speech is not protected. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007) ("If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech 'simply reflects the exercise

of employer control over what the employer itself has commissioned or created.'").

In the instant case, Plaintiff has successfully alleged that he went outside the chain of command when he met with Commissioner Garcia. (Compl. ¶¶ 9-10; ECF No. 1-2.) However, Plaintiff has alleged no facts that would allow the Court to determine whether the information Plaintiff provided to Commissioner Garcia was related to his job responsibilities. Plaintiff's Complaint states only his job titles and place of employment (Compl. ¶¶ 6, 7), and makes no attempt to discuss or describe what his responsibilities or duties in those positions were. As Plaintiff has not pleaded such facts in the Complaint, the Court cannot determine whether Plaintiff's speech was made pursuant to Plaintiff's official duties as a public employee. *See Reinhardt*, 595 F.3d at 1136. Because Plaintiff has failed to allege sufficient facts to satisfy the first prong of the *Garcetti/Pickering* test, Plaintiff's Complaint fails to state a claim for relief under the First Amendment. *See Brammer-Hoelter*, 492 F.3d at 1202. Therefore, Plaintiff's First Amendment claims must be dismissed pursuant to Rule 12(b)(6).

With the dismissal of Plaintiff's First Amendment claims, Plaintiff's only remaining claim is brought under Colorado state law. (*See* Compl. pp. 5-6.) The Court declines to exercise supplemental jurisdiction over Plaintiff's sole remaining state claim. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996) (citing 28 U.S.C. § 1367(c)(3)). Therefore, Defendants' Motion is granted[4] and all three of Plaintiff's claims are dismissed.

---

[4] Defendants' Motion raises four additional arguments that Plaintiff's claims should be dismissed. (ECF No. 9.) As the Court has dismissed Plaintiff's Complaint in its entirety, the Court need not address Defendants' remaining arguments.

However, given the nature of the deficiencies discussed above, the Court cannot say that permitting the filing of an amended complaint would be futile at this stage of the proceedings.  *Cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Accordingly, Plaintiff is granted leave to amend his Complaint to cure these pleading deficiencies.  In amending the Complaint, Plaintiff would be well served to review each element of the *Garcetti/Pickering* test, and should not take this Court's silence on the other factors of the test and his state claim as tacit approval of the legal sufficiency of the remainder of the Complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED;
2. All of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE;
3. The stay of discovery and pretrial disclosures (ECF No. 19) is hereby LIFTED; and
4. Plaintiff is GRANTED LEAVE to file an Amended Complaint on or before July 5, 2013.  If no Amended Complaint is filed by that date, the Court will close this action, enter final judgment in favor of Defendants, and award costs against Plaintiff.

Dated this 12th day of June, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge