**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2970-WJM-BNB

DELBERT E. MAXFIELD,

    Plaintiff,

v.

DAVE BRESSLER, individually and in his official capacity as Director of Weld County Paramedic Services,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S EARLY MOTION FOR
PARTIAL SUMMARY JUDGMENT**

---

Plaintiff Delbert E. Maxfield ("Plaintiff") brings this civil action under 42 U.S.C. § 1983 against Defendant Dave Bressler ("Defendant") alleging violations of the First Amendment and a related state claim.  (Am. Compl. (ECF No. 22.))  This matter is before the Court on Defendant's Early Motion for Partial Summary Judgment ("Motion").  (ECF No. 48.)  For the reasons set forth below, Defendant's Motion is granted.

## I. BACKGROUND

The relevant undisputed facts are as follows.  This case arises out of Plaintiff's termination from his employment as a Program Coordinator for the Weld County Paramedic Services.  Plaintiff filed a Complaint on November 13, 2012, and an Amended Complaint on July 5, 2013, alleging that the Board of County Commissioners (the "Board") and Dave Bressler, the Director of the Weld County Paramedic Services, had discharged Plaintiff in retaliation for exercising his First Amendment rights.  (Am.


Compl.)

On November 18, 2013, the Court granted in part and denied in part Defendants' Renewed Motion to Dismiss ("Dismissal Order").  (ECF No. 37.)  The Court found Plaintiff's allegations sufficient to state a claim against Bressler, but found that Plaintiff had failed to allege sufficient facts to state a claim against the Board.  (*Id.* at 12.)  On January 31, 2014, Bressler ("Defendant") filed a Motion for Clarification, asking the Court to dismiss Plaintiff's official capacity claims against him as a logical extension of the reasoning in the Dismissal Order.  (ECF No. 46.)  In clarification of the Dismissal Order, the Court noted that Defendant had failed to move for dismissal of those claims in the Motion to Dismiss, and the Court thus declined to address them *sua sponte* in the Dismissal Order.  (ECF No. 47.)

As a result, Defendant filed the instant Motion seeking dismissal of the official capacity claims.  (ECF No. 48.)  Plaintiff filed a Response opposing the Motion (ECF No. 49), and Defendant filed a Reply (ECF No. 50).

## II.  DISCUSSION

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49

(1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

Defendant moves for partial summary judgment as to the claims brought against him in his official capacity. (ECF No. 48.) "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Here, Defendant is sued in his official capacity as Director of the Weld County Paramedic Services, and thus Plaintiff's official capacity claims are treated as claims against Weld County itself.

In the Dismissal Order, the Court held that, to impose municipal liability for a constitutional violation, the plaintiff must demonstrate that some official policy is responsible for the violation by proving the following: "(1) a continuing, persistent and widespread practice of unconstitutional misconduct; (2) deliberate indifference or tacit approval of such misconduct; and (3) that the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's custom and that the custom was the moving force behind the unconstitutional acts." (ECF No. 37 at 10 (quoting *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993)) (internal quotation marks and brackets omitted).) The Amended Complaint alleges that Defendant retaliated against Plaintiff for exercising his First Amendment rights, and that the Board then ratified that decision. (*See* Am. Compl. ¶¶ 17-26.) Because Plaintiff did not allege that any official enactment or policy by the Board caused the violation of his First Amendment rights, the Court found that Plaintiff's allegations were insufficient to

impose liability on the Board, and therefore dismissed those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 12.)

Defendant argues that this same insufficiency of allegations requires dismissal of Plaintiff's official capacity claims against him. (ECF No. 48 at 3-4.) Plaintiff opposes the Motion, arguing that there are disputes of material fact as to the Board's level of involvement in the alleged violation, and the extent of its support of Defendant's unconstitutional actions. (ECF No. 49 at 2-3.) However, Plaintiff points to no evidence supporting this argument, asking instead for leave to take discovery. (*Id.* at 3.)

The Court finds that Plaintiff's argument and the evidence cited in support thereof falls far short of demonstrating the genuine dispute of material fact required to defeat summary judgment. Plaintiff's theory of liability against Defendant in his official capacity is identical to his theory of liability against the Board, which failed for the reasons set forth in the Dismissal Order. (ECF No. 37 at 9-12.) Plaintiff failed to allege in his Amended Complaint that any official policy or custom was the moving force behind the constitutional violation he suffered, and he has not produced any new allegations or evidence sufficient to satisfy that requirement. Plaintiff's request for discovery within his Response is unsupported by any contention of a policy or custom that he seeks to discover, and is therefore meritless.[1] Even ignoring the absence of evidence and taking all of Plaintiff's allegations as true—a legal standard far more

---

[1] The Court further notes that, as with Plaintiff's similar request in his Response opposing the Renewed Motion to Dismiss, the request for discovery within a response brief violates both D.C.COLO.LCivR. 7.1(c) and WJM Revised Practice Standard III.B. (*See* ECF No. 37 at 11 n.4.) Plaintiff did not file a motion for discovery necessary to oppose summary judgment, as is permitted under Federal Rule of Civil Procedure 56(d)(2). Accordingly, the Court denies Plaintiff's discovery request.

generous to Plaintiff than is required on summary judgment, *cf. Stone*, 210 F.3d at 1136—Plaintiff fails to establish Weld County's liability.  *See Monell*, 436 U.S. at 690; *Gates*, 996 F.2d at 1041.  Accordingly, the Court finds that Plaintiff's official capacity claims against Defendant fail as a matter of law, and the Motion is granted.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Early Motion for Partial Summary Judgment (ECF No. 48) is GRANTED;

2. Plaintiff's claims against Defendant Dave Bressler in his official capacity are DISMISSED WITH PREJUDICE; and

3. This action remains pending against Defendant in his individual capacity.

Dated this 28th day of August, 2014.

BY THE COURT:

William J. Martinez
United States District Judge